UNITED STATES of America, Plaintiff—Appellee,

v.

Douglas Edwin RYCHENER, Defendant—Appellant.

No. 04–10414.

D.C. No. CR–03–00225–DAE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided July 8, 2005.

Wes R. Porter, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Pamela J. Byrne, FPDHI–Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before CANBY and HAWKINS, Circuit Judges, and DUFFY,* Senior District Judge.

## MEMORANDUM **

Defendant Douglas Rychener ("Rychener") appeals the district court's refusal to conduct a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We affirm.

The alleged uncorroborated statements do not attack the search warrant affiant's veracity and Rychener offers no proof that the affiant recklessly excluded such information from the affidavit. *See United States v. DiCesare*, 765 F.2d 890, 894–95, *amended by*, 777 F.2d 543 (9th Cir.1985) (only the veracity of the affiant may be challenged). The affiant's use of the terms "constant surveillance" and "obtained" were neither false, misleading, nor reckless. Rychener offers no proof that the specifics of the controlled buy, including the time and date, that no money was provided by law enforcement, and the amount of methamphetamine recovered, were recklessly omitted from the affidavit. Rychener makes no showing that the affiant knew or should have known of the informant's alleged crush on Rychener's wife, which precludes finding that such information was recklessly omitted from the affidavit.

Even if we were to determine that the informant's recent arrest and deal to "work off" the charge to be a reckless omission, *United States v. Martinez–Garcia*, 397 F.3d 1205, 1216 (9th Cir.2005), the arrest does not undermine a probable cause finding in light of all the other information in the affidavit. *See id.* at 1208–09, 1217.

AFFIRMED.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

